**Richmond.**

EDMONSTON v. COMMONWEALTH.

November 26, 1909.

Absent, Buchanan, J.

1. WITNESSES—*Privilege—Self Incrimination—Limited Answer.*—A wit-
ness may decline to answer any question when the answer may
tend to incriminate him. This privilege is guaranteed to him
by the Constitution. Nor is the right to decline to answer at all
affected by the suggestion of the judge that he might answer
yes or no, without giving any reason for his answer.

Error to a judgment of the Circuit Court of Alexandria
county.

*Reversed.*

The opinion states the case.

*S. G. Brent* and *Moncure & Tebbs,* for the plaintiff in error.

*Robert Catlett, Assistant to the Attorney General,* for the
Commonwealth.

HARRISON, J., delivered the opinion of the court.

This is a writ of error to a judgment of the Circuit Court of
Alexandria county, whereby the plaintiff in error was fined
$20.00 and sentenced to confinement in the county jail for a
period of twenty days for contempt in refusing to answer ques-
tions propounded to him by the grand jury of the county.

It appears that the grand jury for the county of Alexandria
was in session, and that it had under consideration the ques-

tion of indicting the plaintiff in error and four other persons for playing, promoting, and setting up lotteries in the county. The result of this inquiry was the return of a true bill against one John C. Nelson and not a true bill against the other four, including the plaintiff in error. During the progress of this inquiry the plaintiff in erorr was summoned before the grand jury as a witness on behalf of the Commonwealth in the case of John C. Nelson, who was indicted. The grand jury propounded certain questions, which the witness declined to answer, upon the ground that in doing so he would incriminate himself. The refusal to answer was reported to the court and the witness there stated that, if he should answer the questions, his answer would result in an indictment and criminal prosecution of himself, and for that reason he had declined to answer. Thereupon the court required the witness to answer three of the questions, stating "that he could answer yes or no, and if in the affirmative he would be required to state how or why he knew it." The witness still refusing to answer, the judgment complained of was entered, imposing the fine and imprisonment already mentioned.

We are of opinion that, under the facts of this case, it was error for the circuit court to require the plaintiff in error to answer the questions propounded to him by the grand jury, and upon his failure to do so to fine and imprison him. It is well settled in this State that a witness can decline to answer a question when the answer may tend to incriminate himself—indeed, it is a privilege guaranteed him by the Constitution. There is not a suggestion in the record that the plaintiff in error was contumacious or acting in bad faith for the purpose of protecting the offender. On the contrary, his refusal to answer appears to have been for the sole and *bona fide* purpose of protecting himself from inevitable indictment and prosecution.

Nor was the right to decline to answer at all affected by the action of the court in limiting his answer to "yes" or "no." It is manifest from the form of the questions that nothing could be accomplished by obliging the witness to make such limited an-

swers.   The action of the court in requiring the plaintiff in error to make these monosyllabic answers was in effect a recognition of his right to refuse to answer fully the questions propounded by the grand jury.

This case is controlled by the decision of this court in the very similar case of *Temple* v. *Commonwealth,* 75 Va. 892.   The questions here involved have there been fully and elaborately considered, and it is unnecessary to repeat here what is there said upon the subject.

The judgment complained of must be reversed and the contempt proceedings against the plaintiff in error dismissed.  ·

*Reversed.*